## PROCEEDINGS IN ATTACHMENT.

Circuit Court of Hamilton County.

EDWARDS MANUFACTURING COMPANY v. ASHLAND SHEET
MILL COMPANY.

Decided, January 25, 1908.

*Attachment—Error to Overruling of Motion to Discharge—Averments of the Affidavit—Exceptions Under Section 5521—Compliance with Section 5563b.*

1. The filing of a petition in error within the required time together with an undertaking for retention of the attached property is a sufficient compliance with Section 5563b.
2. The averment of the affidavit that the defendant is a non-resident, when aided by an allegation of the petition that the defendant is a corporation under the laws of Kentucky, is equivalent to a statement that it is a non-resident corporation; but the affidavit must affirmatively show that the defendant is not within the exceptions contained in subdivision 1 of Section 5521.

*Albert D. Shockley,* for plaintiff in error.

*Maxwell & Ramsey* and *Joseph L. Lackner,* for defendant in error.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

Where a motion to discharge an attachment is sustained, and the plaintiff, within thirty days thereafter, or sooner if so ordered by the court, files a petition in error and an undertaking for the retention of the attached property, it is a sufficient compliance with the provisions of Section 5563b, Revised Statutes.

An affidavit for attachment which contains the statement that "the defendant is a non-resident of said state of Ohio," when aided by the averment in the petition, which is sworn to positively, "that the defendant is a corporation duly organized under the laws of Kentucky," is equivalent to a statement that the defendant is a foreign corporation.

An affidavit for attachment upon the ground that the defendant is a foreign corporation must affirmatively show that such

corporation is not within the exceptions contained in Sub-division 1, Section 5521, Revised. Statutes, and it is not aided by an averment in the petition, though sworn to positively, that the defendant is "doing business at Ashland, Kentucky," as such statement does not exclude the fact that it may also be doing business in this state and owning or using a part of its capital or plant in this state.

Judgment affirmed.